**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Yomtov Scott Menaged,<br><br>Movant,<br><br>v.<br><br>United States of America,<br><br>Respondent. | No. CV 18-02417-PHX-GMS (CDB)<br>No. CR 17-00680(1)-PHX-GMS<br><br>**ORDER** |

Pending before the Court is a Report and Recommendation ("R&R") (Doc. 19) issued by Magistrate Judge Camille D. Bibles recommending that Movant Yomtov Scott Menaged's ("Movant") Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. 1) be denied. Also pending is a request by Movant for leave to amend his § 2255 motion. (Doc. 20.) For the following reasons, the Court accepts the R&R, denies Movant's request for leave to amend and denies the request for an evidentiary hearing.

## BACKGROUND

In the underlying criminal matter, Movant plead guilty to one count of conspiracy to commit bank fraud, one count of aggravated identity theft, and one count of conspiracy to commit money laundering in violation of § 18 U.S.C. § 1956(h). Movant was sentenced to 204 months imprisonment, followed by 36 months of supervised release.

The essential terms of Movant's plea agreement are as follows: (1) Movant and the Government stipulated that the loss associated with Movant's unlawful conduct as it relates to money laundering conspiracy is $34 million; (2) Movant agreed to a restitution

obligation not to exceed $34 million; and (3) the Government stipulated that Movant's sentence of imprisonment shall not exceed 204 months. At both the change of plea hearing and sentencing, Movant proclaimed, under oath, that he understood the terms of his plea agreement and voluntarily entered into the plea agreement. The R&R sets forth a more detailed procedural and factual background to this case; the court adopts this background and does not repeat it here.[1]

Movant filed the present § 2255 motion on July 30, 2018. Movant asserts his counsel was ineffective for failing to: (1) investigate the loss amount; (2) investigate the restitution amount; (3) object to a sentence enhancement for substantial financial hardship to one or more victims; (4) object to the presentence report; (5) object to a sentence enhancement for substantial jeopardizing the soundness of a financial institution; and (6) properly advise him of the right to file a motion for modification of sentence that was waived by pleading guilty. Magistrate Judge Bibles found that Movant's "claims regarding his counsel's alleged deficiencies are without support in the record, and do not provide a basis for habeas relief." (Doc. 19 at 26.) The R&R recommends that the Court dismiss Movant's § 2255 Motion in full.

Movant requested leave to supplement his § 2255 motion with an additional claim for ineffective assistance of counsel, or in the alternative prosecutorial misconduct. Movant

---

[1] Movant claims that "Magistrate Judge Bibles' Report and Recommendation misstates, mischaracterizes and ignores facts." (Doc. 25 at 1.) It is not clear if Movant's vague assertion is directed at the background as detailed in the R&R or some other factual findings. Regardless, objections to a R&R must be to "portions of the report or specified proposed findings or recommendations." 28 U.S.C. §636(b)(1). A general objection to all of the magistrate's findings of fact is insufficient to trigger *de novo* review of those findings. *United States v. Eames*, CV–03–1057–PHX–ROS, 2006 WL 2683633, at *1 (D. Ariz. Sept. 18, 2006) (citing *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988). Despite the absence of proper objections, the Court has reviewed the factual findings for clear error and determines they are correct. *See Matthews v. Ryan*, CIV 17–310–TUC–CKJ (LAB), 2019 WL 186648, at *1 (D. Ariz. Jan. 14, 2019) ("[U]nder Fed.R.Civ.P. 72(b), a district court may adopt those parts of a magistrate judge's report to which no specific objection is made, provided they are not clearly erroneous.").

also timely filed objections to the R&R. Movant objects to the Magistrate Judge's recommendation that Movant failed to establish a claim for ineffective assistance of counsel with respect to (1) counsel's investigation of the loss amount; (2) counsel's investigation of the restitution amount; and (2) counsel's failure to object to application of the substantial financial hardship sentencing enhancement.

**DISCUSSION**

Because review of the R&R is only appropriate at this time if Movant's § 2255 motion is not amended, Movant's Request for Leave to Amend is addressed first.

### I. Leave to Amend

Writs of habeas corpus "may be amended or supplemented as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242. Rule 15(a) dictates that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). "However, the Ninth Circuit has found that a district court was correct in denying leave to amend a habeas petition where allowing amendments would be futile because the amendments were late, duplicative, or patently frivolous." *Wilson v. United States*, CV 06–2376–PCT–JAT, 2007 WL 2237673, at *2 (D. Ariz. Aug. 3, 2007) (citing *Bonin v. Calderon*, 59 F.3d 815, 846 (9th Cir. 1995)). "[A] proposed amendment is futile only if no set of facts can be proved under the amendment" that constitute a valid claim or defense. *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988) overruled on other grounds by *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

In his amended petition, Movant alleges that the government induced him to enter his plea agreement by promising not to prosecute Movant's father. Movant argues this promise was breached when his father was indicted in April 2019. This alleged promise, however, is not mentioned in Movant's written plea agreement. In the written plea agreement, Movant certified that the agreement "contain[ed] all the terms and conditions of the plea." (*United States v. Menaged*, 2:17-cr-0680-GMS, Doc. 192 at 13.) Movant made the same acknowledgement under oath at his change of plea hearing on October 17, 2017.[2]

---

[2] The Court: "Does [the plea agreement] contain everything that you and the government have agreed to with respect to your plea of guilt and the dismissal of the charges against

(*United States v. Menaged*, 2:17-cr-0680-GMS, Doc. 254 at 14–16.) Movant now claims that he interpreted his prior declarations regarding his plea agreement "to relate to promises made regarding my sentence and my case." (Doc. 21 at 7.) Movant seemingly implies that he did not understand his prior declarations to include promises made about his father's case. However, the written plea agreement also included the following provision:

> I further agree that promises, including any predictions as to the Sentencing Guideline range or to any Sentencing Guideline factors that will apply, made by anyone (including my attorney) that are not contained within this written plea agreement, are null and void and have no force and effect.

(Doc. 192 at 13.)

In this Circuit, similar integration clauses bar a defendant from later claiming breach of an undocumented promise. *See*, *e.g.*, *Sears v. Lewis*, 956 F.2d 1167, 1992 WL 45761, at *2 (9th Cir. 1992) (holding that even if the facts constituting the alleged breach of a plea promise were true, there was no violation of the plea agreement where the promise was not documented in the agreement and the defendant certified in the agreement that any promise not contained in the agreement was null and void); *United States v. Metheny*, 671 Fed. Appx 647 (mem) (9th Cir. 2016) (concluding that the government did not breach a plea agreement where the plea was silent regarding the allegedly broken promise and the plea contained an integration clause "expressly disclaiming any promises not set forth in the agreement"); *United States v. Garibay-Mares*, CV 07–2644 PHX–NVW(LOA), 2008 WL 4630343, at *10 (D. Ariz. Oct. 20, 2008) (concluding that the defendant failed to present evidence that a promise was made that induced him into his plea agreement where the defendant confirmed in the written plea agreement itself and in subsequent declarations to

---

you?"

The Defendant: "Yes, Your Honor."

The Court: "Is there any promise at all, regardless of description, that has been made to you by the government, or that you have made to somebody else, that is not contained in the writing in the plea agreement?"

The Defendant: "No, Your Honor."

the court, that there were no unwritten promises that induced his decision to enter the plea, and the plea agreement contained an integration clause disclaiming all unwritten promises); *see also United States v. Anderson*, CV07–1947–PHX–DGC (LOA), 2008 WL 4949174, at *4 (D. Ariz. Nov. 18, 2008) (concluding that the defendant failed to present evidence that a promise was made that induced him into his plea agreement where the defendant confirmed in the written plea agreement itself, and in subsequent declarations to the court that there were no unwritten promises that induced his decision to enter the plea).

Because the alleged promise is not in the written plea agreement, and Movant agreed in the written plea agreement that any promises outside the written agreement were void, prosecution of Movant's father does not constitute a breach of the plea agreement. Because the proposed amendment is patently futile, Movant's request for leave to amend is denied.

## II. Report and Recommendation

### a. Standard of Review

A "district judge may refer dispositive pretrial motions, and petitions for writ of habeas corpus, to a magistrate, who shall conduct appropriate proceedings and recommend dispositions." *Thomas v. Arn*, 474 U.S. 140, 141 (1985); *see also* 28 U.S.C. § 636(b)(1)(B); *Estate of Connors v. O'Connor*, 6 F.3d 656, 658 (9th Cir. 1993). Any party "may serve and file written objections" to the R&R. 28 U.S.C. § 636(b)(1). "A judge of the court shall make a *de novo* determination of those portions of the report or specified findings or recommendations to which objection is made." *Id.* District courts, however, are not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Arn*, 474 U.S. at 149. A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1).

### b. Analysis

Movant objects to the recommendation that he has failed to prove a valid claim for ineffective assistance of counsel. To prevail on a claim for ineffective assistance of counsel, Movant must establish (1) that his "counsel's representation fell below an objective

1  standard of reasonableness" and (2) "that there is a reasonable probability that, but for
2  counsel's unprofessional errors, the result of the proceeding would have been different."
3  *Strickland v. Washington*, 466 U.S. 668, 687–68, 694 (1984). If either prong fails, the claim
4  must be dismissed. *Garcia v. Ryan*, CIV 15-322-TUC-CKJ (JR), 2018 WL 4053322, at *2
5  (citing *Strickland*, 466 U.S. at 697).

### i. Loss Amount

Movant argues that counsel provided ineffective assistance by failing to adequately investigate the loss amount attributed to Movant's charge for money laundering conspiracy. Specifically, Movant contends that the loss amount did not reflect a $7 million payment to the victims made prior to Movant's sentencing and improperly included accrued interest. Movant claims that the loss amount would have been much less absent these errors. Because the sentencing guidelines are based in part on the loss amount, Movant claims he was improperly subject to a higher sentence as a result of counsel's alleged oversight.

Movant, however, proclaimed on multiple occasions, under oath, that he did not dispute the stipulated loss amount. (*United States v. Menaged*, 2:17-cr-0680-GMS, Doc. 225 at 60; 254 at 31.) Movant even sought the advice of at least one another attorney beyond his counsel before entering into the agreement and confirmed at his change of plea hearing that he understood the terms and stipulations in the plea agreement. (*United States v. Menaged*, 2:17-cr-0680-GMS, Doc. 254 at 26, 30–31.). Movant further stated, both in the written plea agreement and at his plea hearing, that he was satisfied that his counsel had represented him in a competent manner. (*United States v. Menaged*, 2:17-cr-0680-GMS, Doc. 192 at 13; Doc. 254 at 8.) Movant cannot now overcome his prior statements to this court with conclusory allegations. *See Blackledge v. Allison*, 431 U.S.63, 74 (1977) ("Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.").

Not only are Movant's present assertions contradictory to his prior statements, they

are unsubstantiated. Movant fails to provide any evidence, beyond his bald assertions, to support his claims that the stipulated loss amount includes accrued interest or that it should have been reduced by an alleged return of over $7 million. Movant's conclusory allegations, without support, are not sufficient to prove a claim for ineffective assistance of counsel. *See Lee v. United States*, 137 S.Ct. 1958, 1967 (2017) ("Courts should not upset a plea solely because of post hoc assertions from a defendant about how he would have pleaded but for his attorney's deficiencies. Judges should instead look to contemporaneous evidence to substantiate a defendant's expressed preferences.").

Moreover, when evaluating a claim for ineffective assistance of counsel, the "[r]eview of counsel's performance is highly deferential and there is a strong presumption that counsel's conduct fell within the wide range of reasonable representation." *U.S. v. Ferreira-Alameda*, 815 F.2d 1251, 1253 (9th Cir. 1986). The reasonableness of an attorney's conduct is judged from the attorney's perspective at the time of the alleged error in light of all the circumstances. *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986). "The [Movant] bears the burden of proving that counsel's representation was unreasonable under prevailing professional norms and that the challenged action was not sound strategy." *Id.* The weight of the evidence against Movant at the time the plea was entered was substantial. If Movant proceeded to trial he would likely have been convicted on all 24 counts of the indictment undoubtedly increasing his exposure to criminal liability. *See* (Doc. 181 at 5-11.) Advising Movant to accept the plea, which limited the loss amount to $34 million, was not objectively unreasonable under the circumstances. Movant has failed to provide any evidence to overcome the presumption that counsel's advice in this instance was unreasonable. The Court agrees with the R&R, that Movant has not shown that his counsel's representation fell below an objective standard of reasonableness. Because Movant failed to satisfy the first prong of the *Strickland* test, Movant's claim for ineffective assistance of counsel with respect to this issue is dismissed.

### ii. Restitution

Movant extends the same argument regarding counsel's inadequate investigation of

the loss amount with respect to his restitution obligation. Movant contends that his counsel's failure to adequately investigate the stipulated loss amount inflated his restitution obligation as it did his sentence. The analysis applied above is equally appropriate here. Movant agreed, under oath, that he caused the stipulated loss of $34 million, and that he understood he had a restitution obligation not to exceed that amount. (*United States v. Menaged*, 2:17-cr-0680-GMS, Doc. 192 at 3–4; Doc. 254 at 32.) Again, Movant has not provided any evidence, beyond his own assertions, that the loss amount was unreasonable. To the contrary, the Maricopa County Superior Court concluded in a related civil action that the investors of one of the three financial institutions harmed by Movant's fraudulent conduct are owed $31,446,001.79. *Ariz. Corp. Comm'n v. DenSco Inv. Corp. et al.,* CV2016-014142 (Ariz. Super. Ct. 2019). As a result, the receiver requests restitution in this amount. Again, Movant claims the receiver returned $7 million to the investors prior to Movant's sentencing, but Movant provides no evidence to that effect. As stated *supra*, Movant has not shown that his counsel's representation fell below an objective standard of reasonableness, and consequently failed to prove a claim for ineffective assistance of counsel. Movant's claim with respect to this issue is dismissed.

### iii. Substantial Financial Hardship Enhancement

Movant argues that counsel provided ineffective assistance by failing to object to the application of the victim hardship enhancement to his sentence computation. Application of the enhancement increased the base offense level by two levels. (*United States v. Menaged*, 2:17-cr-0680-GMS, Doc. 181 at 14.) Movant contends that the victim identified by counsel as the reason for the enhancement, Mr. Denny Chittick, who took his own life out of grief resulting from Movant's fraudulent conduct, was not actually a creditor of the financial institution Movant admittedly defrauded. Movant contends that because he was not a creditor, he could not have been financially harmed; therefore, application of the enhancement was improper. Mr. Chittick was, however, the owner and president of the financial institution and many of his investors were his close friends and family. (*United States v. Menaged*, 2:17-cr-0680-GMS, Doc. 181 at 13.) Thus, the record

clearly demonstrates that Mr. Chittick experienced financial hardship as a result of Movant's undisputed fraudulent conduct directed towards Mr. Chittick's financial institution.[3] Counsel is not ineffective for failing to raise a meritless argument. *Boag v. Raines*, 769 F.2d 1341, 1344 (9th Cir. 1985). Again, Movant has not met the standards of the *Strickland* test. The Court adopts the R&R with respect to this claim.

## III. Evidentiary Hearing

In his objection, Movant requests an evidentiary hearing to establish his allegations. Under 28 U.S.C § 2255, the Court shall hold an evidentiary hearing on a movant's motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief[.]" 28 U.S.C § 2255. That is the case here. The record conclusively shows that Movant's counsel did not provide ineffective assistance.

## CONCLUSION

Having reviewed the record as it relates to Movant's objections *de novo*, the Court accepts the Report and Recommendation and denies Movant's Motion. Movant's request for an evidentiary hearing is also denied.

**IT IS ORDERED** the Report and Recommendation of the Magistrate Judge Camille D. Bibles (Doc. 19) is **ACCEPTED.**

**IT IS FURTHER ORDERED** Movant's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (Doc. 1) is **DENIED.**

**IT IS FURTHER ORDERED** directing the Clerk of Court to terminate this action and enter judgment accordingly.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, in the event Petitioner files an appeal, the Court declines to issue a

---

[3] Court: "And although I do not hold you personally responsible for the death of Mr. Chittick to the extent that he made his own choices, and he also probably engaged in investment strategies in confidence in you that was in a way unwise on his part, I am very convinced by hearing the story that because of his own sense of honesty and personal responsibility, and his own inability to make up to what he felt he owed his investors and his family members, that that was a major factor in his decision to take his own life. Again, I'm not holding you personally and directly responsible for that. It was his choice, except for the fact that when you cost him the loss of $34 million, that cannot be ignored in a man who feels responsible for what he's done." (Doc. 225 at 71.)

certificate of appealability because reasonable jurists would not find the Court's procedural ruling debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Dated this 30th day of September, 2019.

_G. Murray Snow_
G. Murray Snow
Chief United States District Judge